ADAMS, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LAURENT A. JOHNSON, | ) | |
| | ) | CASE NO. 1:06CV2714 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| MICHAEL J. ASTRUE, | ) | MEMORANDUM OPINION & ORDER |
| Commissioner of Social Security | ) | [Resolving Docs. # 15 & 17] |
| Administration, | ) | |
| | ) | |
| Defendant(s). | | |

This matter comes before the Court on Plaintiff Laurent Johnson's Objections to the Magistrate Judge's Report and Recommendation (Report).  This action was referred to the Magistrate Judge for a Report on the decision of the Administrative Law Judge (ALJ) to deny Plaintiff's claim for Disability Insurance Benefits and a Period of Disability under Title II of the Social Security Act, 42 U.S.C. § 416(I), 423.  The Magistrate Judge found that substantial evidence existed to support the ALJ's findings, therefore determining that he was not disabled.[1]  Plaintiff timely objected to the Magistrate Judge's Report.

When the Magistrate Judge submits a Report, this Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made.  *Id.*  The primary issue then becomes whether substantial evidence supported the ALJ's decision.  This Court's review of the ALJ's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the ALJ's findings.  *Hephner v. Matthews*, 574 F.2d 359, 362 (6th Cir. 1978).  Substantial evidence is more than a mere scintilla of evidence, but less that a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "such

---

[1]  The Magistrate Judge's opinion, which the Court incorporates herein, contains the full factual predicate and history of this case.  (ECF Doc. 15).

relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.*
(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  If substantial evidence
supports the ALJ's decision, the decision must be affirmed even if a reviewing court would
decide the matter differently.  *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).
Moreover, the decision must be affirmed even if substantial evidence would also support the
opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

This "standard allows considerable latitude to administrative decision makers.  It
presupposes that there is a zone of choice within which the decision makers can go either way,
without interference by the courts. An administrative decision is not subject to reversal merely
because substantial evidence would have supported an opposite decision." *Id.*  However, in
determining whether substantial evidence supports the ALJ's findings, the Court must examine
the record as a whole and take into account what fairly detracts from its weight.  *Wyatt v.
Secretary of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992).  The Court must
also consider whether the proper legal standards were employed.  *Queen City Home Health
Care v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

Here, the Court has considered Plaintiff's objections to the Magistrate Judge's Report
and finds, after having conducted a de novo review of those objections, that substantial evidence
supports the Commissioner's finding.  The Court hereby adopts the Magistrate Judge's Report as
its own.  No further articulation of the Court's reasoning is necessary. *Tuggle v. Seabold*, 806
F.2d 87, 92 (6th Cir. 1986).

IT IS SO ORDERED.


  February 21, 2008                          /s/ John R. Adams
Date                                        John R. Adams
                                            District Judge